UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

MONTGOMERY BLAIR SIBLEY,

         Plaintiff,

vs.

THE UNITED STATES SUPREME COURT,
THE ELEVENTH CIRCUIT COURT OF
APPEAL, STEVEN BREYER, RUTH BADER
GINSBURG, ANTHONY KENNEDY,
SANDRA DAY O'CONNOR, WILLIAM
REHNQUIST, ANTONIN SCALIA, DAVID
SOUTER, JOHN PAUL STEVENS AND
CLARENCE THOMAS,

         Defendants.
_____/

Case. No. 04-21698-Civ-King
Magistrate Judge O'Sullivan

**PLAINTIFF'S OMNIBUS MOTIONS**

Plaintiff, Montgomery Blair Sibley, by and through undersigned counsel, moves to:

1. Amend the complaint to correct scrivener's errors in citations to the U.S. Code;

2. Supply "Necessary Information" Pursuant to Federal Rules of Evidence, Rule 201(d)

3. Enlarge time to respond to Defendants' Motion to Dismiss; and

4. For permission to file a response in excess of page limitations, and in support thereof states as follows:

### Motion to Amend the Complaint

Defendants correctly points out in their Motion to Dismiss that the complaint repeatedly cites U.S. Code sections – 28 U.S.C. §2701, 28 U.S.C. §2702 and 28 U.S.C. §2704 – which do <u>not</u> exist. As such, Plaintiff moves for an order permitting the amendment of the complaint to correctly cite the U.S. Code sections relied upon for the relief requested.

Pursuant to Federal Rules of Civil Procedure, Rule 15(a), " . . . a party may amend the party's

pleading only by leave of court or by written consent of the adverse party; **and leave shall be freely given when justice so requires.**" Indeed, the policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading. *See, e. g., Foman v. Davis*, 371 U.S. 178, 182 (1962); *Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Sherman v. Hallbauer*, 455 F.2d 1236, 1242 (5th Cir. 1972). Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial. See: *Lone Star Motor Import v. Citroen Cars*, 288 F.2d 69, 75 (5th Cir. 1961). In fact, the court noted in *Bank v. Pitt*, 928 F.2d 1108 (11th Cir. 1991) "[w]here it appears a more carefully drafted complaint might state a claim upon which relief can be granted," the district court <u>must</u> give the plaintiff a chance to amend the complaint. That Court also ruled that it is reversible error for the district court to fail to do so even where the plaintiff never sought leave to amend in district court. *See Id.* at 1112.

Here, due to a scrivener's error, the complaint cites 28 U.S.C. §2701 when 28 U.S.C. §2071 was intended, cites 28 U.S.C. §2702 when 28 U.S.C. §2072 was intended and cites 28 U.S.C. §2704 when 28 U.S.C. §2074 was intended. Accordingly, as no prejudice to the Defendants would accrue by permitting the amendment to correct this error, Plaintiff seeks leave to amend the complaint to properly cite the U.S. Code sections intended. By such amendment, Defendants can thereby more fully address the claims of Plaintiff in their motion to dismiss.

### Supply "Necessary Information"

Plaintiff next moves this Court for an order to supply "necessary information" pursuant to Federal Rules of Evidence, Rule 201(d).

Paragraphs 9 and 10 of the Complaint seek , pursuant to Federal Rules of Evidence, Rule

201(d), that this Court to take judicial notice of the certain enumerated Florida State and Federal actions and incorporated the record of those actions in the Complaint by reference. Federal Rules of Evidence, Rule 201(d) states, "When mandatory. A court shall take judicial notice if requested by a party and supplied with the necessary information." (Emphasis added).

Here, the record of those actions enumerated below, runs approximately 600 pages and includes (i) twenty eight state actions found at ¶9 of the Complaint and (ii) the six federal actions litigated to the Defendant U.S. Supreme Court found at ¶10 of the Complaint, collectively representing some 600 pages of mediate documents

As such, Plaintiff seeks leave to "supply the necessary" information regarding those actions by reducing the relevant portions of those records to Adobe's Portable Document Format (PDF) and providing Court and counsel with those documents on CD-ROM. The alternative is expensive, bulky and makes access to the materials difficult and inconvenient.

### Motion to Enlarge Time To Respond To Defendants' Motion To Dismiss

Pursuant to Rule 6(b), Fed. R. Civ. P., Plaintiff moves for an order enlarging time to Defendants' motion to dismiss until either (i) Defendants – after Plaintiff's above-motion to amend is presumably granted – wish to file an amended motion to dismiss the corrected amended complaint or (ii) fourteen days after this Court rules on the above-motion to amend if Defendants indicate they are not going to file an amended motion to dismiss the amended complaint.

Otherwise, Plaintiff will be forced to file a response to a motion to dismiss that may only be a partial motion to dismiss. Moreover, facts which are incorporated by referenced in the Complaint under the authority of Federal Rules of Evidence, Rule 201(d), which Plaintiff requested this Court take judicial notice of have yet to be provided to the Court, hence Plaintiff cannot fully respond to

the Defendants' motion to dismiss until such facts are available for citation by Plaintiff and "notice" by the Court.

As such, Plaintiff requests that the time to respond to the motion to dismiss be enlarged to follow upon the determination of the above-motion to amend and Defendants response thereto.

**Permission to File a Response in Excess of Page Limitations**

Pursuant to Local Rule 7.1.C.2, Plaintiff seeks leave for permission to file a legal memorandum in response to Defendants' pending motion to dismiss – or a subsequent motion if made – in excess of the twenty page limitation contained in the above-mentioned Local Rule, to wit, fifty pages.

In support of this request, Plaintiff shows to the Court that the (i) twenty eight state actions found at ¶9 of the Complaint and (ii) the six federal actions litigated to the Defendant U.S. Supreme Court found at ¶10 of the Complaint, collectively represent some 600 pages of mediate documents which must be distilled to brief descriptions supported by citations to the record in Plaintiff's response to the Defendants' motion to dismiss.

Coupled with this extensive factual background, the Complaint raises involved and novel theories of law which cannot be detailed fully in brief statements to settled principles of law and dispositive cases.

Finally, the individual Defendants have raised an affirmative defense – absolute judicial immunity – which requires Plaintiff to not only establish the propriety of the causes of action plead in the Complaint, but also the failure of that affirmative defense

Accordingly, the twenty pages normally allotted to address a motion to dismiss in the Southern District of Florida is woefully in adequate to insure that Plaintiff is afforded a fair

opportunity to be heard by this Court.

## Conclusion

WHEREFORE, Plaintiff respectfully requests that this Court enter its order:

1. Permitting Plaintiff to amend the complaint to correct scrivener's errors in citations to the U.S. Code;

2. Directing Plaintiff to supply "Necessary Information" Pursuant to Federal Rules of Evidence, Rule 201(d) on CD-Rom;

3. Enlarging time to respond to Defendants' Motion to Dismiss until after Defendants respond to the Amended Complaint sought above; and

4. For permission to file a response in excess of page limitations, to wit, fifty pages

## Local Rule 7.1A.3.a Statement

I hereby certify that I made a reasonable effort to confer with opposing counsel but was unable to do so given the time frame involved, to wit, the Defendants' motion to dismiss was received on Saturday, September 18 and undersigned counsel is leaving for a business trip early on September 20 for a week, and would be therefore unable to (i) confer with opposing counsel and (ii) timely file this motion with the Court.

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this September 19, 2004, by U.S. First Class postage pre-paid mail on Ann St. Peter-Griffith, AUSA, Attorney General's Office, 99 N.E. 4th Street, Miami, Florida 33132.

**MONTGOMERY BLAIR SIBLEY**
*Attorney for Plaintiff*
560 Longhorn Crescent
Rockville, MD 20850-5700
Voice/Fax:    (202) 478-0371

By: _____
    Montgomery Blair Sibley
    Fla. Bar No.: 725730