

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

MONTGOMERY BLAIR SIBLEY,

    Plaintiff,

v.

UNITED STATES SUPREME COURT, et al.,

    Defendants.

_____/

CASE NO. 04-21698-CIV-KING

**CLOSED CIVIL CASE**

## FINAL ORDER OF DISMISSAL WITH PREJUDICE

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint, filed September 14, 2004.

### Background

Plaintiff, an attorney, has filed this lawsuit *pro se*, against the following Defendants: United States Supreme Court, the Justices in their individual capacity, and the Eleventh Circuit Court of Appeal. Plaintiff is seeking monetary damages and Declaratory relief, claiming that he has been damaged by Defendants based on alleged denials of Plaintiff's federally authorized right to access to court to seek redress for violations of his federal constitutional, common law and statutory rights. Over the past four years, Plaintiff has filed approximately thirty five (35) state and federal actions relating to a domestic relations/child custody dispute. Ten (10) of these actions have previously been dismissed in the Southern District of Florida and consist of similar allegations that are now before this Court. In its current Motion to Dismiss, Defendants argue that Plaintiff's claims should be dismissed because (1) Defendants are entitled to absolute

judicial immunity, (2) counts in the Complaint do not constitute a justiciable claim, and (3) Plaintiff failed to state a claim upon which relief can be granted.

## Standard of Review

A motion to dismiss will be granted only where it is clear that no set of facts consistent with the allegations could provide a basis for relief. "It is well established that a complaint should not be dismissed for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6) 'unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.'" Bradberry v. Pinellas County, 789 F.2d 1513, 1515 (11th Cir. 1986) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). For purposes of a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all facts alleged by the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir. 1986) (citation omitted).

## Discussion

1.  Plaintiff's Claim for Monetary Damages

It is well established that generally a judge is absolutely immune from suit for money damages. Mireless v. Waco, 502 U.S. 9 (1991) (per curiam). This immunity is from suit, and not just from an award of monetary damages. Id. At 11. The purpose of judicial immunity is to protect the public "whose interest it is that the judges should at liberty to exercise their functions with independence and without fear of consequences." Pierson v. Ray, 386 U.S. 547, 554 (1967). Any errors made by a judge may be corrected on appeal, but a judge "should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption . . . . " Id.

There are only two exceptions to the doctrine of judicial immunity. Mireles, 502 U.S. at 11. The first exception is when the activity in question is "non-judicial." Id. Whether an act is "judicial" relates to the nature of the act itself and to the parties' exceptions, i.e., whether the act is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. Id. at 12. The second exception is when the activity, though judicial in nature, is taken in the complete absence of all jurisdiction. Id. The scope of jurisdiction must be construed broadly where the issue is immunity of a judge. Stump v. Sparkman, 435 U.S. 349, 356 (1978). As such, the Plaintiff is barred from seeking monetary damages from Defendants in the instant action.

2.   Plaintiff's Claim for Declaratory Relief

In the past, Plaintiffs were permitted to seek prospective declaratory or injunctive relief against judges under 42 U.S.C. § 1983. Pulliam v. Allen, 466 U.S. 522, 541-542 (1984). However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA") which amended § 1983 to state that ". . . in any action brought against a judicial officer for an act or omission taken ins such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The effect of the FCIA was to legislatively reverse Pulliam and limit the injunctive relief available against officers. Bollin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000). Since the Defendants have not violated a declaratory decree, judicial immunity applies to the instant action.

### Conclusion

Plaintiff's Complaint fails to state a claim in which relief can be granted based on the fact that the Supreme Court and the Eleventh Circuit are absolutely immune from liability based on

the claims before this Court. Plaintiff cannot sustain an action, alleging constitutional violations simply because the Plaintiff disagrees with the court's decision. It is apparent that Plaintiff can plead no set of facts in support of his claim that would entitle him to relief. The Court finds that Defendants are entitled to absolute immunity and dismisses Plaintiff's Complaint on this basis.

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendants' Motion to Dismiss be, and the same is hereby, GRANTED, and the Complaint is DISMISSED with prejudice.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 13th day of October, 2004.

*[signature]*
JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   Montgomery Blair Sibley, <u>Pro</u> <u>Se</u>
      560 Longhorn Crescent
      Rockville, MD. 20850-5700
      Voice/Fax: (202) 478-0371

      Ann St. Peter-Griffith, AUSA
      Attorney General's Office
      99 N.E. 4th Street
      Miami, FL. 33132
      Phone: (305) 961-9000